# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| GARY B. CALVERT,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>　　　　　Defendant. | Case No. CV-13-413-JPH<br><br>ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |

**BEFORE THE COURT** are cross-motions for summary judgment. ECF No. 17, 21. Attorney Joseph Linehan represents plaintiff (Calvert). Special Assistant United States Attorney Diana Andsager represents defendant (Commissioner). The parties consented to proceed before a magistrate judge. ECF No. 10. September 8, 2014 Calvert filed a reply. ECF No. 22. After reviewing the administrative record and the briefs filed by the parties, the court **grants** defendant's motion for summary judgment, ECF No. 21.

## JURISDICTION

On August 5, 2010 Calvert protectively applied for disability income benefits

ORDER ~ 1

(DIB) alleging disability beginning (as amended) September 1, 2008 (Tr. 30, 49, 131-32). The claim was denied initially and on reconsideration (Tr. 80-82, 86-87). Administrative Law Judge (ALJ) Donna W. Shipps held a hearing June 14, 2012. Calvert, represented by counsel, and a vocational expert testified (Tr. 29-58). On July 16, 2012, the ALJ issued an unfavorable decision (Tr. 12-22). In October 2013 the Appeals Council denied review (Tr. 1-5). Calvert appealed pursuant to 42 U.S.C. §§ 405(g) on December 16, 2013. ECF No. 1, 7.

## STATEMENT OF FACTS

The facts appear in the administrative hearing transcript, the decisions below and the parties' briefs. They are only briefly summarized here and throughout this order as necessary to explain the Court's decision.

Calvert was 55 years old on the amended onset date. He graduated from high school and has mostly worked in construction. He was laid off in August 2008. Calvert testified he currently works part-time, ten hours a week at the most, performing repairs and maintenance in an apartment building. He does not take prescription pain medication. He mows with a riding mower, uses the computer, reads, watches television and shops. He feels he is unable to work because he is "fearful of getting hurt again," having lost all sight in his left eye after an industrial injury in 1998. Although he alleges he is unable to work due to "[d]isorientation, back pain and eye problems," the appeal is limited to the ALJ's assessment of

physical limitations (Tr. 14, 21, 31-40, 45, 64, 159-60).

## SEQUENTIAL EVALUATION PROCESS

The Social Security Act (the Act) defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act also provides that a plaintiff shall be determined to be under a disability only if any impairments are of such severity that a plaintiff is not only unable to do previous work but cannot, considering plaintiff's age, education and work experiences, engage in any other substantial work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). Thus, the definition of disability consists of both medical and vocational components. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520, 416.920. Step one determines if the person is engaged in substantial gainful activities. If so, benefits are denied. 20 C.F.R. §§ 404. 1520(a)(4)(i), 416.920(a)(4)(i). If not, the decision maker proceeds to step two, which determines whether plaintiff has a medially severe impairment or combination of impairments. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).

ORDER ~ 3

If plaintiff does not have a severe impairment or combination of impairments, the disability claim is denied. If the impairment is severe, the evaluation proceeds to the third step, which compares plaintiff's impairment with a number of listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii); 20 C.F.R. § 404 Subpt. P App. 1. If the impairment meets or equals one of the listed impairments, plaintiff is conclusively presumed to be disabled. If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step, which determines whether the impairment prevents plaintiff from performing work which was performed in the past. If a plaintiff is able to perform previous work that plaintiff is deemed not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). At this step, plaintiff's residual functional capacity (RFC) is considered. If plaintiff cannot perform past relevant work, the fifth and final step in the process determines whether plaintiff is able to perform other work in the national economy in view of plaintiff's residual functional capacity, age, education and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137 (1987).

The initial burden of proof rests upon plaintiff to establish a *prima facie* case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). The initial burden is

ORDER ~ 4

met once plaintiff establishes that a mental or physical impairment prevents the performance of previous work. The burden then shifts, at step five, to the Commissioner to show that (1) plaintiff can perform other substantial gainful activity and (2) a "significant number of jobs exist in the national economy" which plaintiff can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

## STANDARD OF REVIEW

Congress has provided a limited scope of judicial review of a Commissioner's decision. 42 U.S.C. § 405(g). A Court must uphold a Commissioner's decision, made through an ALJ, when the determination is not based on legal error and is supported by substantial evidence. *See Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). "The [Commissioner's] determination that a plaintiff is not disabled will be upheld if the findings of fact are supported by substantial evidence." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983)(citing 42 U.S.C. § 405(g)). Substantial evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n 10 (9th Cir. 1975), but less than a preponderance. *McAllister v. Sullivan*, 888 F.2d 599, 601-02 (9th Cir. 1989). Substantial evidence "means such evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971)(citations omitted). "[S]uch inferences and conclusions as the [Commissioner] may reasonably draw from the evidence" will also be upheld. *Mark v. Celebreeze*,

ORDER ~ 5

348 F.2d 289, 293 (9th Cir. 1965). On review, the Court considers the record as a whole, not just the evidence supporting the decision of the Commissioner. *Weetman v. Sullivan*, 877 F.2d 20, 22 (9th Cir. 1989)(quoting *Kornock v. Harris*, 648 F.2d 525, 526 (9th Cir. 1980)).

It is the role of the trier of fact, not this Court, to resolve conflicts in evidence. *Richardson*, 402 U.S. at 400. If evidence supports more than one rational interpretation, the Court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1987). Thus, if there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-30 (9th Cir. 1987).

## ALJ'S FINDINGS

ALJ Shipps found Calvert was insured through June 30, 2010, making the relevant period September 1, 2008 through June 30, 2010 (Tr. 12, 14). At step one, she found he did not work at substantial gainful activity levels after onset (Tr. 14). At steps two and three, she found he suffers from the loss of his left eye in 1998;

1  degenerative disc disease (DDD); mild to moderate spondylosis; straightening of
2  normal lordosis; moderate loss of disc height at C6/7; obesity and fracture
3  (compression, dorsal), impairments that are severe but do not meet or medically
4  equal a Listed impairment  (Tr. 14, 16-17). The ALJ found Calvert less than fully
5  credible. She assessed an RFC for a full range of medium work with limitations
6  related to left eye blindness  (Tr. 17-18, 53). At step four, she found Calvert is
7  unable to do any past work (Tr. 20, 53). At step five, she found he can do other
8  work such as kitchen helper, industrial cleaner and production helper (Tr. 21, 54).
9  Accordingly, the ALJ found Calvert was not disabled as defined by the Act from
10 onset through his date last insured (Tr. 22).

**ISSUES**

Calvert alleges the ALJ erred in two respects: when she assessed credibility and weighed the evidence. He first alleges the ALJ erroneously relied solely on the lack of objective medical evidence when she assessed credibility. ECF No. 17 at 10-12. Second, he alleges the ALJ erroneously relied on a reviewing physician's opinion. ECF No. 17 at 12. The Commissioner responds that because the ALJ's findings are factually supported and free of harmful legal error, this court should affirm. ECF No. 21 at 4-5.

///

ORDER ~ 7

**DISCUSSION**

*A. Credibility*

When presented with conflicting medical opinions, the ALJ must determine credibility and resolve the conflict. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004)(citation omitted). The ALJ's credibility findings must be supported by specific cogent reasons. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "clear and convincing." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995).

Calvert alleges it is error to rely solely on the lack of objective medical evidence to support claimed limitations. He is correct that the ALJ relied, in part, on the lack of objective medical evidence to support the level of claimed limitation (Tr. 18-19). And he is correct that, had the ALJ's credibility analysis been limited to solely this factor, it would have been error. *Burch v. Barnhart*, 400 F.3d 676, 680 (9th Cir. 2005).

But the ALJ relied on additional factors. She notes Calvert's daily activities include collecting firewood, cooking and playing guitar. He works part time [albeit at less than SGA levels]; attends church once or twice a week; reads; watches television and uses a computer. He takes out the garbage, drives, shops at least once a week, and helps his spouse who has COPD. Calvert admitted he suffered pain after

working in a ditch.

Interestingly, he sings and plays guitar professionally.

He takes no medication other than anti-inflammatory medication, except prescribed psychotropic medication for ADHD and licoderm patches prescribed for flares of pain. Only conservative treatment has been recommended. There is no record Calvert went to physical therapy, tried prescription medication stronger than ibuprofen or underwent epidural steroid injections. He has described ibuprofen as working effectively for back pain. He has said that, as a recovering alcoholic, he is afraid of the addictive potential of narcotics, and some have made him ill. Significantly, no acceptable treating source has opined Calvert is functionally limited. A physical therapist opined Calvert had limitations, but this was limited to the period of June 22 through July 22, 2012 and is labeled "initial evaluation." There are no other records from this source  (Tr. 15-16, 19-20, 32-33, 35-37, 39-41, 178-81, 196, 209-13, 216, 267, 269, 275, 277-80, 283, 285, 287, 301, 360, 377, 380, 391-93).

The ALJ's reasons are clear, convincing and supported by substantial evidence. *See Thomas v. Barnhart*, 278 F.3d 947, 958-59 (9th Cir. 2002) (inconsistencies between statements and conduct and the extent of daily activities are properly considered ); *Burch v. Barnhart*, 400 F.3d 676, 680 (9th Cir. 2005)(lack of consistent treatment properly considered); and *Warre v. Comm'r of Soc. Sec.*

*Admin.,* 439 F.3d 1001, 1006 (9th Cir. 2006)(impairments controlled effectively with medications are not disabling for the purpose of determining SSI benefit eligibility).

Calvert alleges a spinal MRI on September 11, 2007, is objective evidence that supports his testimony. ECF No. 17 at 11, citing Tr. 249. However, at the ensuing neurological consultation on October 30, 2007, only conservative treatment was recommended (Tr. 267-68). The second piece of objective evidence Calvert relies on is a June 10, 2009 spinal MRI. ECF No. 17 at 12, citing Tr. 265-66. Calvert's status did not significantly change from the prior study (Tr. 266, 310, 387). Again surgery is not recommended because there are no signs of radiculopathy or thoracic myelopathy (Tr. 277). Calvert fails to show the ALJ arbitrarily discounted his testimony.

*B. Medical evidence*

Next Calvert alleges the ALJ erred when she relied on the opinion of Dr. Rubio, "a non-treating, non-examining, non-testifying physician." ECF No. 17 at 12. Citing *Gallant v. Heckler*, 753 F.2d 1450, 1454 (9th Cir. 1984), Calvert alleges this type of testimony should be discounted and is not substantial evidence when contradicted by all other evidence in the record. *Id.*

It is not accurate to describe Dr. Rubio's opinion as contradicted by all other evidence in the record, as defendant accurately observes. The opinions of Calvert's treating sources, including Maja Zugec, M.D., and Stephen Duncan, PAC are

consistent with Rubio's. Mr. Duncan repeatedly observed that Calvert moved smoothly. Dr. Zugec and Mr. Duncan note he has full range of motion. Duncan opined he did not believe Calvert was eligible for social security benefits (Tr. 248, 330, 338, 340, 345, 352).

Calvert fails to show the ALJ erred when she weighed the medical evidence. Dr. Rubio's opinion constitutes substantial evidence because it is consistent overall with opinions by treating sources.

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony and resolving ambiguities. *Tommasetti v. Astrue*, 533 F.3d 1035, 1041-42 (9th Cir. 2008)(internal citations omitted).]

The court will uphold the ALJ's conclusion when the evidence is susceptible to more than one rational interpretation. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005).

The ALJ properly weighed the contradictory evidence. The record fully supports the assessed RFC. Although Calvert alleges the ALJ should have weighed the evidence differently, the ALJ is responsible for reviewing the evidence and resolving conflicts or ambiguities in testimony. *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989). It is the role of the trier of fact, not this court, to resolve conflicts in evidence. *Richardson v. Perales*, 402 U.S. 389, 400 (1971). If evidence supports more than one rational interpretation, the Court may not substitute its judgment for

that of the Commissioner. *Tackett,* 180 F.3d 1094, 1097 (9th Cir. 1999); *Allen v. Heckler*, 749 F.2d 577, 579 (9th 1984). If there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-30 (9th Cir. 1987).

The ALJ's determinations are supported by the record and free of harmful legal error.

**CONCLUSION**

After review the Court finds the ALJ's decision is supported by substantial evidence and free of harmful legal error.

**IT IS ORDERED:**

Defendant's motion for summary judgment, **ECF No. 21**, is **granted.**

Plaintiff's motion for summary judgment, ECF No. 17, is denied.

The District Court Executive is directed to file this Order, provide copies to counsel, enter judgment in favor of defendant and **CLOSE** the file.

DATED this 8th day of September, 2014.

*S/ James P. Hutton*

JAMES P. HUTTON
UNITED STATES MAGISTRATE JUDGE

ORDER ~ 12